## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Marcus Angelo Caples-Guerra, | Case No. 21-CV-1105 (PAM/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota and County of Ramsey, | |
| Respondents. | |

Petitioner Marcus Angelo Caples-Guerra was found guilty at a stipulated-facts trial in state court on one count of simple robbery.  *See State v. Caples-Guerra*, No. A20-0224, 2021 WL 317982, at *3 (Minn. Ct. App. Feb. 1, 2021).  On direct appeal, Caples-Guerra's attorney pressed the argument that Caples-Guerra had been denied his constitutional right to counsel when he was permitted to discharge his public defender and act *pro se* at trial without the trial court having conducted an inquiry whether to appoint substitute counsel.  *Id*.  Caples-Guerra pressed a more unorthodox argument in his *pro se* appellate brief: That he had transferred criminal liability from himself onto a third-party artificial entity pursuant to Minn. Stat. § 529.10 and that his conviction and subsequent sentence were therefore unlawful.  *Id*. at *5.  The Minnesota Court of Appeals quickly disposed of these arguments by finding that "[t]o the extent that we can discern Caples-Guerra's arguments, we conclude that they provide no basis for relief."  *Id*.  The Minnesota Supreme Court later declined review of the case.

Caples-Guerra now seeks habeas corpus relief from this District. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(c)(3). In his Petition for a Writ of Habeas Corpus, Caples-Guerra renews the argument that he was not subject to criminal liability due to Minnesota trust law (but not the argument that his federal constitutional right to counsel was violated at trial). (*See* Dkt. 1 at 5-7.) Caples-Guerra's habeas Petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following that review, this Court concludes that the Petition should be denied and this matter dismissed.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The claims raised by Caples-Guerra in his habeas Petition — i.e., whether § 529.10 and other Minnesota statutes permit him to transfer criminal liability for his robbery onto an artificial entity, such as a trust — are questions of state law, not federal

---

[1] Although Caples-Guerra was no longer incarcerated at the time he filed his Petition, the conditions of release imposed upon him satisfy the "in custody" requirement of § 2254(a). *See, e.g., Jones v. Cunningham* 371 U.S. 236, 240-43 (1963).

law. Capes-Guerra does not (and cannot) cite to any federal constitutional, statutory, or treaty provision that authorizes criminal defendants to shift in this way the consequences of criminal judgments. Whether § 529.10 permits the kind of criminal-liability transfer postulated by Caples-Guerra is a question reserved exclusively to the state courts — and it is a question which the Minnesota Court of Appeals has answered no. *See Caples-Guerra*, 2021 WL 317982, at *5.

This Court cannot reevaluate the merits of that state-law conclusion. The habeas petition should therefore be denied and this case dismissed. And because this Court does not believe that reasonable jurists would disagree about the merits of Caples-Guerra's habeas petition, it is further recommended that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The Petition for a Writ of Habeas Corpus of petitioner Marcus Angelo Caples-Guerra (Dkt. No. 1) be DENIED.

2. This matter be DISMISSED.

3. No certificate of appealability be issued.

Dated: May 10, 2021                     *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).